(Rev. 10/2002) Complaint

# UNITED STATES DISTRICT COURT

## Southern District of Florida

Case Number: _____

# 09-21774-Civ-SEITZ/O'SULLIVAN

FILED by MB D.C.

ELECTRONIC

**June 26, 2009**

STEVEN M. LARIMORE
CLERK U.S. DIST. CT.
S.D. OF FLA. - MIAMI

DIXON, ROBERT, P. _____

_____

                          Plaintiff(s)

v.

McARTHUR DAIRY, LLC _____

_____

_____

_____

                          Defendant(s)

## COMPLAINT

I, Robert P. Dixon _____ plaintiff, in the above styled cause, sues
defendant(s); _____ .

*(Allegation of jurisdiction, i.e., under which federal law or section of the U.S. Constitution
this action is being filed )*

This action is filed under: U.S. Code Title 42 > Chapter 126 - Equal Opportunity for Individuals with Disabilities

42 USC 12112 - Subchapter 1 - Employment Discrimination

(STATEMENT OF FACTS)

## BACKGROUND

1. I was hired by McArthur Dairy in April 1997 as an over-the-road transport driver. I worked for six years in that position and after rumors of downsizing, I transferred to the Yard as a Yard driver to ensure job security. In November 2005, I transferred back to the transport driver position. As a transport driver, it is necessary to complete daily trip sheets and an inspection log book but while in the yard it is necessary to only complete the daily inspection log book. The transport driver trip sheet used in 1997 required no calculations, neither did the daily inspection log book. I was trained on both the original trip sheet and the log book during my new hire orientation session. When I transferred back to the transport driver position, the trip sheet was not the same and I was not trained.

2. I have been a diagnosed dyslexic and a slow learner since childhood. I have never had any formal training to overcome the dyslexia so I have had to create my own method of computing. These learning disabilities limit my ability to complete new forms easily without being taught. If I am shown how to complete a trip sheet according to certain guidelines I can follow the steps. I was working in the transport department for two years, computing the same way and not once did anyone say anything that it was incorrectly done. My method of calculation uses login and logout times, I transfer those times to my trip sheet and then the total hours are reduced by my standard delivery times and the rest calculated as breakdown/traffic/delay times. Additionally, the odometer in my truck was not working causing me to further estimate to mileage driven. I am able to perform the essential functions of the transport driver position of which the main criteria

(STATEMENT OF FACTS)

is driving. I have a Certificate in Commercial Driving, successfully completed hazmat, tank and doubles endorsements and also have over 20 years of accident free experience. All I requested was to be taught to complete the trip sheets.

3. On May 22, 2007,  I was suspended over the phone because I did not attend a meeting on my day off (and working well over DOT guidelines) to discuss my being unfairly accused of stealing.

4. On May 23, 2007,  my former supervisor Gersey Pestano, laughed while I was trying to disclose my disability to him as well as explain my method of calculation. He further humiliated me by saying, "That's your problem."

5. On May 24, 2007, I officially disclosed my disability in writing as well as requested 'reasonable accommodation' in being shown how to properly complete the trip sheets.

6. On May 31, 2007 I was terminated over the phone without a meeting and after having officially disclosed my disability as well as requested 'reasonable accommodation'.

7. On June 28, 2007, in a joint meeting with the VP, Mr. Brad Abell, Teamster's Union representatives and myself, I gave a copy of my medical report to Mr. Abell, which confirmed my disability status, which is covered under the ADA and again requested  'reasonable accomodation' in being trained to complete the trip sheets with even a further condition, that if necessary, I be put on a probationary period in which to prove that I complete the sheets correctly. Two employees even testified at that meeting that they were not shown how to use the new trip sheets either and Mr. Abell claimed that all

drivers were taught and that he had documents to prove this but to date he has not been able to produce any, as they do not exist.

8.Subsequently, after accepting notice of my disability and my request for 'reasonable accommodation', Mr. Abell offered the following: 1/ to clear my record 2/no back pay 3/a position working in the yard. My accommodation request did not put any undue hardship on the company  and an offer of a job in the yard shows that it was not a good faith offer as they have letters on file regarding my frustration with working in that department. They were well aware of the working conditions in the yard and my consistently being out of compliance with DOT guidelines regarding the length of time worked, sometimes working eighteen hours straight and twice even working over twenty four hours straight. I was even subjected to humiliation in that department by a former supervisor who once asked me to print a bill for a customer (which was not a job function of mine) and when I told him that I couldn't, he called me a 'dumb ass'.  I explained that I was never trained to do that and his response was that I was working in the department for six years and I should know how. I explained that it was not my job function and that I do have a learn- ing problem but I could do it if I was trained. He thereafter consistently maintained this attitude towards me. All I asked for was to be properly trained on the trip sheets, they did not discuss any terms with me and the offer to reinstate me to a non-unionized posi- tion, which cannot be categorized as a similar position, further proves that the offer was not in good faith. Therefore they failed again to 'reasonably accommodate' my disability.

9.There was a similar situation where there were allegations of document falsification and after a short suspension the particular driver returned to work as normal. The driver

(STATEMENT OF FACTS)

was Mike Constable (Tel #954-558-8803) who along with other employees, Mike Wood

(Tel#561-659-4811) and Mark, were at the terminal in  West Palm Beach allegedly 'kill-

ing time' in the cafeteria while the driver's trip sheet showed that the driver was else-

where at that particular time. The cafeteria had cameras in place and the Dairy retrieved

a copy of the tape to prove the discrepancy. Mike Constable was suspended pending

further action. After a meeting with Management staff, Mike McDonald and Rick Robles,

the case was dismissed and the driver reinstated after only a one day suspension. I am

left with the only possible conclusion that disability discrimination occurred in my case,

as the difference between the incidents was that I admitted truthfully that I have a learn-

ing disability which led to incorrect input times on my trip sheet as a part of my method

of calculation.

10.I have been advised that McArthur Dairy has now implemented a GPS system which

collects pertinent data such as driving time, stopping time and mileage driven. It also

includes the speed of a driver, how the gears are changed and even how a driver

brakes.  This positive change now provides a standard for which each driver can com-

pare his information with therefore ruling out any possibilities of mistakes and allows the

driver to do what he is hired to do, which is to safely and carefully transport goods and

capture information required for DOT purposes,  with this new change, if I am taught

how to complete the trip sheets correctly, there will be no errors.

(Rev. 10/2002) Complaint

*(Relief request, i.e., State what you want the Court to do or award)*

Wherefore,  I simply request what I am rightfully due, 'reasonable accomodation', reinstatement with back pay,

compensatory damages and any other  damages which the Court deems fitting.

Signed this _____ day of _____ , 20 _____ .

Robert P. Dixon
Printed or typed name of Filer

Signature of Filer

Florida Bar Number

E-mail address

305-608-5558
Phone Number

Facsimile Number

15921 SW 104 Avenue,
Street Address

Miami, Florida, 33157
City, State, Zip Code

**JS 44** (Rev. 2/08)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.) **NOTICE: Attorneys MUST Indicate All Re-filed Cases Below.**

ELECTRONIC

MB   D.C.

June 26, 2009

STEVEN M. LARIMORE
CLERK U.S. DIST. CT.
S.D. OF FLA. - MIAMI

## I. (a) PLAINTIFFS

DIXON, ROBERT, P.

## DEFENDANTS

McARTHUR DAIRY, LLC

**(b)** County of Residence of First Listed Plaintiff   Miami-Dade
(EXCEPT IN U.S. PLAINTIFF CASES)

County of Residence of First Listed Defendant   Miami-Dade
(IN U.S. PLAINTIFF CASES ONLY)

NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT
LAND INVOLVED.

**(c)** Attorney's (Firm Name, Address, and Telephone Number)

Attorneys (If Known)

09cv21774-PAS/WO

**(d)** Check County Where Action Arose: ☑ MIAMI- DADE ☐ MONROE ☐ BROWARD ☐ PALM BEACH ☐ MARTIN ☐ ST. LUCIE ☐ INDIAN RIVER ☐ OKEECHOBEE HIGHLANDS

## II. BASIS OF JURISDICTION   (Place an "X" in One Box Only)

☐ 1  U.S. Government Plaintiff

☑ 3  Federal Question (U.S. Government Not a Party)

☐ 2  U.S. Government Defendant

☐ 4  Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (Place an "X" in One Box for Plaintiff
(For Diversity Cases Only)                          and One Box for Defendant

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT   (Place an "X" in One Box Only)

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 362 Personal Injury - Med. Malpractice | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal 28 USC 157 | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 365 Personal Injury - Product Liability | ☐ 625 Drug Related Seizure of Property 21 USC 881 | | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 630 Liquor Laws | **PROPERTY RIGHTS** | ☐ 450 Commerce |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability | | ☐ 640 R.R. & Truck | ☐ 820 Copyrights | ☐ 460 Deportation |
| ☐ 151 Medicare Act | ☐ 340 Marine | **PERSONAL PROPERTY** | ☐ 650 Airline Regs. | ☐ 830 Patent | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans) | ☐ 345 Marine Product Liability | ☐ 370 Other Fraud | ☐ 660 Occupational Safety/Health | ☐ 840 Trademark | ☐ 480 Consumer Credit |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 371 Truth in Lending | ☐ 690 Other | **SOCIAL SECURITY** | ☐ 490 Cable/Sat TV |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability | ☐ 380 Other Personal Property Damage | **LABOR** | ☐ 861 HIA (1395ff) | ☐ 810 Selective Service |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury | ☐ 385 Property Damage Product Liability | ☐ 710 Fair Labor Standards Act | ☐ 862 Black Lung (923) | ☐ 850 Securities/Commodities/ Exchange |
| ☐ 195 Contract Product Liability | | | ☐ 720 Labor/Mgmt. Relations | ☐ 863 DIWC/DIWW (405(g)) | ☐ 875 Customer Challenge 12 USC 3410 |
| ☐ 196 Franchise | | | ☐ 730 Labor/Mgmt.Reporting & Disclosure Act | ☐ 864 SSID Title XVI | ☐ 890 Other Statutory Actions |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 740 Railway Labor Act | ☐ 865 RSI (405(g)) | ☐ 891 Agricultural Acts |
| ☐ 210 Land Condemnation | ☐ 441 Voting | ☐ 510 Motions to Vacate Sentence | ☐ 790 Other Labor Litigation | **FEDERAL TAX SUITS** | ☐ 892 Economic Stabilization Act |
| ☐ 220 Foreclosure | ☐ 442 Employment | **Habeas Corpus:** | ☐ 791 Empl. Ret. Inc. Security Act | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 893 Environmental Matters |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/ Accommodations | ☐ 530 General | | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 894 Energy Allocation Act |
| ☐ 240 Torts to Land | ☐ 444 Welfare | ☐ 535 Death Penalty | **IMMIGRATION** | | ☐ 895 Freedom of Information Act |
| ☐ 245 Tort Product Liability | ■ 445 Amer. w/Disabilities - Employment | ☐ 540 Mandamus & Other | ☐ 462 Naturalization Application | | ☐ 900 Appeal of Fee Determination Under Equal Access to Justice |
| ☐ 290 All Other Real Property | ☐ 446 Amer. w/Disabilities - Other | ☐ 550 Civil Rights | ☐ 463 Habeas Corpus-Alien Detainee | | |
| | ☐ 440 Other Civil Rights | ☐ 555 Prison Condition | ☐ 465 Other Immigration Actions | | ☐ 950 Constitutionality of State Statutes |

## V. ORIGIN   (Place an "X" in One Box Only)

☑ 1 Original Proceeding

☐ 2 Removed from State Court

☐ 3 Re-filed (see VI below)

☐ 4 Reinstated or Reopened

☐ 5 Transferred from another district (specify)

☐ 6 Multidistrict Litigation

☐ 7 Appeal to District Judge from Magistrate Judgment

## VI. RELATED/RE-FILED CASE(S).

(See instructions second page):

a) Re-filed Case ☐ YES ☐ NO     b) Related Cases ☐ YES ☐ NO

JUDGE                                      DOCKET NUMBER

## VII. CAUSE OF ACTION

Cite the U.S. Civil Statute under which you are filing and Write a Brief Statement of Cause (**Do not cite jurisdictional statutes unless diversity**):
42 USC 12112
Discrimination

LENGTH OF TRIAL via _____ days estimated (for both sides to try entire case)

## VIII. REQUESTED IN COMPLAINT:

☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23

DEMAND $

CHECK YES only if demanded in complaint:
JURY DEMAND: ☑ Yes ☐ No

ABOVE INFORMATION IS TRUE & CORRECT TO THE BEST OF MY KNOWLEDGE

SIGNATURE OF ATTORNEY OF RECORD   R. Dixon

DATE   546677

350.00