UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
CASE NO. 09-21774-CIV-SEITZ/O'SULLIVAN



ROBERT P. DIXON,

        Plaintiff,

v.

MCARTHUR DAIRY, LLC.,

        Defendant.

_____/

## ORDER GRANTING DEFENDANT'S MOTION TO DISMISS

THIS MATTER is before the Court on Defendant's Motion to Dismiss Plaintiff's Second

Amended Complaint [DE-32]. Plaintiff, who is proceeding pro se, filed a second amended

complaint alleging a claim for disability discrimination under the Americans With Disabilities

Act ("ADA"). Defendant moves to dismiss based on Plaintiff's failure to allege that his

disability substantially limits a major life activity. Because Plaintiff has failed to plead sufficient

facts to establish that he (1) has a mental impairment that substantially limits any major life

activities, (2) has a record of such an impairment, or (3) is regarded by Defendant as having such

an impairment, Defendant's Motion to Dismiss should be granted.

**I.      Background Facts and Procedural History**

Plaintiff filed an initial Complaint [DE-1] which appeared to allege disability

discrimination under the ADA. Defendant subsequently filed a Motion to Dismiss or, in the

Alternative, a Motion For More Definite Statement [DE-6] based on Plaintiff's failure to allege

that he exhausted his administrative remedies and failure to adequately plead a disability under

the ADA. Based on those grounds, the Court granted Defendant's Motion to Dismiss without

prejudice and denied as moot Defendant's Motion for More Definite Statement [DE-13].

Plaintiff then filed his First Amended Complaint [DE-21] alleging that he had dyslexia, which

made it difficult for him to complete forms and to easily calculate figures. Defendant again filed

a Motion to Dismiss Plaintiff's First Amended Complaint or, in the Alternative, For More

Definite Statement [DE-23] because of Plaintiff's failure to allege that his disability substantially

limits a major life activity, as required under the ADA, and because it was not clear whether the

amended complaint alleged a claim for failure to accommodate or wrongful termination. The

Court once again granted Defendant's Motion to Dismiss, and noted that, "[b]ecause this is the

second time that the Court has ordered the Plaintiff to replead his complaint in order to allege

substantial impairment of a major life activity, if Plaintiff does not adequately plead such an

impairment in his second amended complaint, the Court will dismiss Plaintiff's claim with

prejudice." (DE-30, Order Granting Motion to Dismiss at pg. 2.)

Currently before the Court is Plaintiff's Second Amended Complaint appearing to allege

a claim for disability discrimination under the ADA, including a failure to accommodate. 42

U.S.C. §§ 12101 *et seq.* Plaintiff, Robert Dixon, alleges that while employed at Defendant,

McArthur Dairy, LLC, he worked as a transport driver before he was later repositioned as a yard

driver. (Second Amended Complaint at ¶¶ 1, 8.) Plaintiff also alleges that he has an extremely

low IQ and has been a slow learner since childhood. (Second Amended Complaint at ¶¶ 14, 2.)

Plaintiff further alleges that he is dyslexic and that Defendant failed to reasonably accommodate

his dyslexia. (Second Amended Complaint at ¶¶ 2, 8.) Specifically, Plaintiff alleges that

dyslexia limits his ability to complete the necessary forms for his former transport driving

position, including trip sheets and log books. (Second Amended Complaint at ¶ 2.) He further

2

states that he has created his own method of computing and that if he is shown how to complete the necessary forms, with practice, he can follow the steps. (Second Amended Complaint at ¶ 2.) In addition, Plaintiff alleges that he (1) has worked in the transport department for the past two years without any trouble, (2) has a Certificate in Commercial Driving, (3) is able to "perform the essential functions of the transport driver position of which the main criteria is driving[,]" and (4) has 20 years of work experience, including successfully completing Hazmat, Tank, and Doubles endorsements. (Second Amended Complaint at ¶ 2.) Lastly, Plaintiff alleges that his subsequent transfer to a yard driving position is not a "reasonable accommodation" because it cannot be categorized "as a similar position." (Second Amended Complaint at ¶ 8.)

## II.    Legal Standard for Motion to Dismiss Under Rule 12(b)(6)

When a complaint is challenged under Rule 12(b)(6), a court will presume that all well-pleaded allegations are true and view the pleadings in the light most favorable to the plaintiff. *American United Life Ins. Co. v. Martinez*, 480 F.3d 1043, 1066 (11th Cir. 2007). Additionally, "[p]ro se pleadings are held to a less stringent standard than pleadings drafted by attorneys and will, therefore, be liberally construed." *Hughes v. Lott*, 350 F.3d 1157, 1160 (11th Cir. 2003) (quoting *Tannenbaum v. United States,* 148 F.3d 1262, 1263 (11th Cir. 1998)) (per curiam). However, to survive a motion to dismiss pursuant to Rule 12(b)(6), "a complaint must contain sufficient factual matter to . . . 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal,* 129 S.Ct. 1937, 1950 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). Furthermore, "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal,* 129 S.Ct.

3

at 1949. Accordingly, "unwarranted deductions of . . . legal conclusions masquerading as facts will not prevent dismissal." *Oxford Asset Mgmt. v. Jaharis*, 297 F.3d 1182, 1188 (11th Cir. 2002).

## III.   Analysis

"To establish a prima facie case of employment discrimination under the ADA, a plaintiff must demonstrate that (1) he has a disability, (2) he is a qualified individual . . . and (3) the defendant unlawfully discriminated against him because of the disability." *D'Angelo v. Conagra Foods*, 422 F.3d 1220, 1226 (11th Cir. 2005) (quoting *Reed v. Heil Co.*, 206 F.3d 1055, 1061 (11th Cir. 2000)) (internal quotation marks omitted). Defendant moves to dismiss based on Plaintiff's inability to satisfy the first prong–alleging sufficient facts to demonstrate that he is disabled. The ADA states that, with respect to an individual, disability means "(A) a physical or mental impairment that substantially limits one or more major life activities of such [an] individual; (B) a record of such an impairment; or (C) being regarded as having such an impairment . . . ." 42 U.S.C. § 12102(1). A mental impairment is defined, in part, as "[a]ny mental or psychological disorder . . . and specific learning disabilities . . . ." 29 C.F.R. § 1630.2(h)(2). Major life activities include, but are not limited to, "caring for oneself, performing manual tasks, seeing, hearing, eating, sleeping, walking, standing, lifting, bending, speaking, breathing, *learning*, reading, concentrating, thinking, communicating, and *working*." 42 U.S.C. § 12102(2)(A) (emphasis added). Reading Plaintiff's Second Amended Complaint broadly, it appears that Plaintiff is attempting to allege that his mental impairments and dyslexia limit his ability to work and learn.

Defendant argues that Plaintiff has failed to plead allegations that establish that he is

4

disabled as defined by the ADA, an essential element of such a claim.[1] Specifically, Defendant asserts that Plaintiff has merely pled that he has dyslexia, a low IQ, and trouble completing forms and has not shown that these alleged impairments substantially limit one or more major life activities, including working or learning. *See* 42 U.S.C. § 12102. Plaintiff responds to the Motion to Dismiss by citing cases that have recognized learning disabilities as disabilities under the ADA.

While courts have recognized multiple disabilities as disabilities under the ADA, they generally do not per se recognize them as such. *See Bragdon v. Abbott* (noting that the "preferred method is to address whether an impairment causes a substantial limitation upon a major life activity on a case-by-case, individualized basis."). 524 U.S. 624, 641-42 (1998)); *see also Sutton v. United Air Lines*, 527 U.S. 471, 483 (1999) ("[W]hether a person has a disability under the ADA is an individualized inquiry."). "Thus, it is incumbent upon those 'claiming the Act's protection . . . to prove a disability by offering evidence that the extent of the limitation [caused by their impairment] in terms of their *own experience* . . . is substantial.'" *Garrett v. Univ. of Ala. at Birmingham Bd. of Trs.*, 507 F.3d 1306, 1311 (11th Cir. 2007) (quoting *Albertson's, Inc. v. Kirkingburg*, 527 U.S. 555, 567 (1999)) (emphasis added). Therefore, Plaintiff must plead sufficient facts to show (1) that his alleged impairment substantially limits one or more major life activities, (2) that he has a record of such an impairment, or (3) that his employer regards him as having such an impairment. *See* 42 U.S.C. § 12102(1). Plaintiff has not done this.[2] Because the

---

[1] Defendant raised this argument both in its Motion to Dismiss Plaintiff's initial Complaint [DE-6] and in its Motion to Dismiss Plaintiff's First Amended Complaint [DE-23].

[2] While Plaintiff cites to *Stutts v. Freeman* for the proposition that individuals suffering from dyslexia are generally considered a protected class under the ADA, that issue was not actually decided by the *Stutts* court. 694 F.2d 666 (11th Cir. 1983). Both parties in *Stutts* agreed that the appellant was a "handicapped individual" as defined under the Rehabilitation Act of 1973. 29 U.S.C. § 706(7)(A), (B). Thus, the only issue before the Eleventh Circuit

Court previously put Plaintiff on notice that this would be his third and final opportunity to

replead his complaint, and because based on Plaintiff's allegations, Plaintiff would clearly be

unable to plead such a claim, the Court will dismiss Plaintiff's claim with prejudice. *See*

*Maynard v. Bd. of Regents*, 342 F.3d 1281, 1286-87 (11th Cir. 2003) (court does not abuse its

discretion in denying a motion to amend when the amendment is futile). The Court will address

each definition of disability in turn.

     1.    **Plaintiff Has Failed to Plead Sufficient Facts to Establish That He Has a Mental Impairment That Substantially Limits One or More Major Life Activities.**

Defendant moves to dismiss Plaintiff's Second Amended Complaint because Plaintiff has

not alleged that his alleged impairments substantially limit any major life activities. With respect

to the major life activity of working,

> substantially limits means significantly restricted in the ability to perform either a class of jobs or a broad range of jobs in various classes as compared to the average person having comparable training, skills and abilities. [Accordingly], [t]he inability to perform a single, particular job does not constitute a substantial limitation in the major life activity of working . . . .

29 C.F.R. § 1630.2(j)(3)(i); *accord Murphy v. UPS*, 527 U.S. 516, 523 (1999). While Plaintiff

has alleged in his Second Amended Complaint that his trouble completing forms limits his

ability to work as a transport driver, Plaintiff also alleges that he has worked in the transport

department for the past two years without any trouble. Plaintiff further alleges that he has 20

years of work experience and that he is able to "perform the essential functions of the transport

driver position of which the main criteria is driving."

---

Court of Appeals was whether the appellee's efforts to accommodate the handicapped appellant amounted to a reasonable accommodation under the Act. Therefore, Plaintiff's reliance on this case is misplaced.

Taking all of the allegations in Plaintiff's Second Amended Complaint as true, Plaintiff has not adequately alleged sufficient facts to demonstrate that his dyslexia or low IQ substantially limits his ability to work.  Like the plaintiff in *D'Angelo* whose "proven ability to work contradict[ed] any contention that she was substantially limited in the major life activity of working[,]" Plaintiff's allegations of his history of successful work experience also contradict any contention that he is substantially limited in the major life activity of working.  *See* 422 F.3d at 1227 (summary judgment granted for defendant when allegedly disabled plaintiff performed satisfactorily while employed by defendant for three years); *see also* 29 C.F.R. § 1630.2(j)(3)(i) (substantially limited with respect to the major life activity of working means "significantly restricted in the ability to perform . . . a broad range of jobs . . .").

Additionally, Plaintiff has failed to show that he is substantially limited in the major life activity of learning.  In *Littleton v. Wal-Mart Stores*, the Eleventh Circuit Court of Appeals found that a mentally retarded plaintiff was not substantially limited in his ability to learn, despite his permanent condition, because he had prior educational experience and the ability to read and comprehend.  231 Fed. Appx. 874, 877 (11th Cir. 2007).  Similarly, Plaintiff's own allegations (1) that he has created his own method of computing as a result of his dyslexia, (2) that if he is shown how to complete the trip sheets properly, he can follow the steps, (3) that he has a Certificate in Commercial Driving, and (4) that he has successfully completed Hazmat, Tank, and Doubles endorsements affirm that Plaintiff was not substantially limited in the major life activity of learning.  Thus, Plaintiff has not pled sufficient facts to establish that he has a mental impairment that substantially limits one or more major life activities.

7

2.    **Plaintiff Has Failed to Plead Sufficient Facts to Establish That He Has a Record of Such an Impairment.**

Plaintiff has failed to allege that he has a record of such an impairment.  Having a record of an such an impairment means having a "history of . . . a mental . . . impairment that substantially limits one or more major life activities." 29 C.F.R. § 1630.2(k).  While Plaintiff did allege that he had a low IQ, a slow learning process since childhood, and a diagnosis of dyslexia–regardless of whether this constitutes a history–Plaintiff has failed to allege how these alleged impairments substantially limit his ability to work, learn, or perform any other major life activity. *See Toyota Motor Mfg., Ky. v. Williams*, 534 U.S. 184, 195 (2002) ("Merely having an impairment does not make one disabled for purposes of the ADA.  Claimants also need to demonstrate that the impairment limits a major life activity.").  Because, as set out above, Plaintiff has failed to demonstrate that his impairments substantially limit any major life activities, Plaintiff has not pled sufficient facts to establish that he has a record of such an impairment.

3.    **Plaintiff Has Failed to Plead Sufficient Facts to Establish That He is Regarded as Having Such an Impairment.**

Plaintiff has failed to allege that he is regarded as having such an impairment.  Being regarded as having such an impairment means having a "mental impairment that does not substantially limit major life activities but is treated by a covered entity as constituting such [a] limitation." 29 C.F.R. § 1630.2(l)(1).  In *Murphy*, where respondent UPS fired petitioner mechanic due to a physical impairment which prevented him from driving commercial vehicles, the Supreme Court noted that

> [a]t most, petitioner has shown that he is regarded as unable to perform the job of mechanic only when that job requires driving a commercial motor vehicle . . . [he]

8

> has put forward no evidence that he is regarded as unable to perform any mechanic job that does not call for driving a commercial motor vehicle . . . . petitioner is, at most, regarded as unable to perform only a particular job.

527 U.S. at 524-25 (further reasoning that petitioner was not regarded as disabled because he had performed mechanic work for over 22 years prior to the position in question and had secured another job since leaving UPS); *see also* 29 C.F.R. § 1630.2(j)(3)(i).

Similarly, Plaintiff has, at most, alleged that Defendant regards him as unable to perform his particular job as a transport driver. Plaintiff's allegation that Defendant repositioned him as a yard driver, after he could not properly complete his trip forms, demonstrates that Defendant did not treat Plaintiff's mental impairment as substantially limiting. While Plaintiff may have been unable to perform his particular job as a transport driver, as noted above, "[t]he inability to perform a single, particular job does not constitute a substantial limitation in the major life activity of 'working' . . . ." 29 C.F.R. § 1630.2(j)(3)(i). In fact, Defendant's transfer of Plaintiff to a yard driving position illustrates that Defendant regarded Plaintiff as capable of performing "a class . . . or a broad range of jobs in various classes . . . ." *Id.*; *but cf. D'Angelo*, 422 F.3d at 1228 n.5 (court found genuine issue of material fact as to whether plaintiff was regarded as disabled because "her employer could not find a single job in . . . [its] plant that it believed she could perform."). Therefore, Plaintiff has not pled sufficient facts to establish that he is regarded as having such an impairment.

## IV.  Conclusion

Accordingly, although the Court views the allegations in the Second Amended Complaint in the light most favorable to the Plaintiff, as a matter of law, Plaintiff has failed to state a claim for disability discrimination under the ADA. Plaintiff has not alleged sufficient facts to

demonstrate that he is disabled under any of the three definitions of disability in the ADA.
Because Plaintiff has now had three opportunities to cure any pleading deficiencies, and because
taking all the facts in the Second Amended Complaint as true, Plaintiff cannot allege that he is
disabled under the ADA, Plaintiff's Second Amended Complaint is dismissed with prejudice.
Having carefully considered the Motion, it is

ORDERED that:

(1) Defendant's Motion to Dismiss Plaintiff's Second Amended Complaint [DE-31] is
GRANTED. Plaintiff's Second Amended Complaint [DE-31] is DISMISSED WITH
PREJUDICE.

(2) This case is CLOSED.

DONE AND ORDERED in Miami, Florida, this 23rd day of July, 2010.

PATRICIA A. SEITZ
UNITED STATES DISTRICT JUDGE

cc:    All counsel of record/*Pro se* parties